EN BANC ORDER

JESS H. DICKINSON, Presiding Justice.
Based on the United States Supreme Court’s decision in Atkins v. Virginia,[1] Ricky Chase — claiming to be mentally retarded and therefore exempt from execution — filed an application to proceed in the trial court with his petition for post-conviction relief. We granted the petition and remanded the matter to the Copiah County Circuit Court for a hearing on that issue.[2]
In our remand order, we set forth certain requirements for a finding of mental retardation, but we did not directly address whether a psychologist or psychiatrist could render opinions based upon tests administered by other professionals. We take this opportunity to further clarify our previous remand order by stating that — subject to the requirements of Mississippi Rule of Evidence 702,[3] — psychologists and psychiatrists rendering opinions on mental retardation in death penalty cases may rely on the testing administered by others.
On remand, the trial judge ordered the Mississippi State Hospital at Whitfield to evaluate Chase, and ordered the Mississip *422 pi State Penitentiary-at Parchman to allow Chase’s experts — Daniel Reschly, PhD, and Gerald O’Brien, PhD — access to Chase for evaluation. In order to determine Chase’s pre-incarceration adaptive functioning, Dr. Reschly conducted third-party interviews with Chase’s family members, teachers, and others, but he and Dr. O’Brien relied on full-scale intelligence testing and testing for malingering administered by doctors at the Mississippi State Hospital at Whitfield.
The trial judge held an evidentiary hearing on this matter on August 16-17, 2010. Following the hearing, the circuit court ordered the State and Chase’s counsel to submit proposed findings of fact and conclusions of law. The State submitted a fifty-seven page Proposed Findings of Fact and Conclusions of Law. The trial judge signed the State’s submission verbatim, including leaving the title “Proposed Findings of Fact and Conclusions of Law,” raising concerns in this death-penalty case.
Additionally, the Court needs clarification on whether, in denying Chase’s petition for post-conviction relief, the trial judge believed that our previous remand order precluded Chase’s experts from relying on the results of tests performed by the Mississippi State Hospital.
We vacate the trial court’s judgment and remand the matter for the trial judge to take into account our clarification, to issue his own Findings of Fact and Conclusions of Law, and to enter a new judgment based thereon.
SO ORDERED.
KITCHENS AND COLEMAN, JJ., NOT PARTICIPATING.

. Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

. Chase v. State, 873 So.2d 1013 (Miss.2004).

. Miss. R. Evid. 702.